IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LUKE KERL<br>1671 Redington Lane<br>Charlottesville, VA 22901<br><br>             Plaintiff<br>   v.<br><br>UNITED STATES OF AMERICA<br><br>             Defendant. | No. 24-2049 C |

COMPLAINT

Plaintiff Luke Kerl, by his undersigned counsel, hereby brings this Complaint against Defendant the United States of America, and alleges as follows:

NATURE OF ACTION

1. This is an action for unpaid minimum and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.* ("FLSA"), and for breach of contract.

JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims asserted herein because the United States is the Defendant, pursuant to the Tucker Act, 28 USC § 1491(a)(1), and (a) Plaintiff alleges violations of the FLSA, a money mandating statute, and (b) Plaintiff alleges a breach of a contract with the United States.

STATEMENT OF FACTS

3. Plaintiff is a United States citizen and legal resident of the Commonwealth of Virginia.

4. From approximately December 2021 until sometime during the summer of 2023, Plaintiff was employed by Defendant and/or the United States Postal Service as a United States postal

carrier in Charlottesville, Virginia.

5. In that position, Plaintiff earned an hourly wage, plus one and one-half times his hourly wage for hours worked in excess of 40 in a single week.

6. Throughout Plaintiff's employment, the terms of his employment required Defendant pay him based upon a two-week pay period, with payment due seven days after the final day of the corresponding pay period.

7. Defendant used an online platform known as LiteBlue to process and/or tender Plaintiff's pay, and to track his hours. Accordingly, Plaintiff had and maintained login credentials for LiteBlue.

8. Defendant paid Plaintiff via direct deposit to his bank account. Accordingly, Plaintiff's bank account information – account number and routing number – were stored on LiteBlue for purposes of processing his pay.

9. Sometime in or around late 2022, one or more scammers fraudulently obtained Plaintiff's LiteBlue login credentials by creating an imitation version of the LiteBlue website and causing Plaintiff, through no fault of his own, to enter his LiteBlue login credentials to the imitation version of the website, thereby unwittingly providing those credentials to the scammer(s).

10. The scammer(s) subsequently logged in to Plaintiff's LiteBlue account – the real version – and replaced Plaintiff's bank account information with their own, thereby causing Plaintiff's pay to be diverted to the scammer(s).

11. As a result, for approximately two pay periods – Pay Period 26 in 2022 and Pay Period 1 in 2023 – Defendant did not pay Plaintiff and instead sent Plaintiff's pay directly to the scammer(s).

12. Upon information and belief, Pay Period 26 in 2022 ran from December 3, 2022 until

December 16, 2022, with payment for the period due on December 23, 2022.

13. Upon information and belief, Pay Period 1 in 2023 ran from December 17, 2022 until December 30, 2022, with payment for the period due on January 6, 2023.

14. The total pay due to Plaintiff for those two pay periods was approximately $4,000, which Plaintiff never received.

15. During the period in which Defendant did not pay Plaintiff and instead sent Plaintiff's pay directly to the scammer(s), Plaintiff's agreed upon regular hourly rate was in the low $20s.

16. During the period in which Defendant failed to pay him, Plaintiff worked approximately 52.5 hours per week.

17. Upon information and belief, Defendant was aware of the scam or should have been aware of it and failed to take adequate remedial action to prevent it prior to the time that it adversely affected Plaintiff.

18. After Defendant failed to pay Plaintiff as alleged herein, Plaintiff requested payment, but Defendant denied those requests.

19. Defendants' failure to pay Plaintiff wages owed was willful, not in good faith, and Defendant did not have reasonable grounds to believe that its failure to pay Plaintiff wages was not a violation of the FLSA.

COUNT 1
Failure to Pay Minimum Wages in Violation of the FLSA

20. Plaintiff repeats and realleges the allegations contained in paragraphs 1–19 as if each were fully set forth herein.

21. Defendant was required to pay Plaintiff minimum wages in accordance with the FLSA.

22. For approximately two pay periods – Pay Period 26 in 2022 and Pay Period 1 in 2023 – Defendant did not pay Plaintiff and instead sent Plaintiff's pay directly to the scammer(s).

23. By failing to pay Plaintiff for approximately two pay periods, Defendant violated the FLSA by failing to pay Plaintiff minimum wages.

24. As a result of Defendant's violation of the FLSA's minimum wage provisions, Plaintiff is entitled to unpaid minimum wages, statutory liquidated damages, pre- and post-judgment interest, and attorneys' fees.

## COUNT 2
### Failure to Pay Overtime in Violation of the FLSA

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1–19 as if each were fully set forth herein.

26. Defendant was required to pay Plaintiff one and one-half times his regular hourly rate for any hours worked in excess of 40 during a single workweek.

27. For approximately two pay periods – Pay Period 26 in 2022 and Pay Period 1 in 2023 – Defendant did not pay Plaintiff and instead sent Plaintiff's pay directly to the scammer(s).

28. During the period in which Defendant failed to pay him, Plaintiff worked approximately 52.5 hours per week.

29. By failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of 40 in a single workweek, Defendant failed to pay Plaintiff overtime in violation of the FLSA.

30. As a result of Defendant's violation of the FLSA's overtime provisions, Plaintiff is entitled to unpaid minimum wages, statutory liquidated damages, pre- and post-judgment interest, and attorneys' fees.

## COUNT 3
### Breach of Contract

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1–19 as if each were

fully set forth herein.

32. A valid contractual agreement existed between Plaintiff and Defendant, either expressly or impliedly.

33. The terms of that contract required Defendant to pay Plaintiff an agreed-upon hourly rate for all hours up to 40 in a single workweek, and one and one-half times that hourly rate for hours worked in excess of 40 in a single workweek.

34. The terms of that contract further required Defendant to pay Plaintiff based upon a two-week pay period, with payment due seven days after the final day of the corresponding pay period.

35. By altogether failing to pay Plaintiff for approximately two pay periods, Defendant breached its contractual obligations to Plaintiff.

36. As a result of Defendant's breach, Plaintiff suffered harm in the form of lost pay, for which Plaintiff is entitled to recover damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgement against Defendant in favor of Plaintiff, and award the following relief:

   a. Compensation for all unpaid minimum and overtime wages owed;

   b. Liquidated damages pursuant to the FLSA;

   c. Pre- and post-judgment interest at the applicable statutory rate;

   d. Attorneys' fees pursuant to the FLSA; and

   e. Any further legal and/or equitable relief this Court deems necessary, just, and proper.

Date: December 12, 2024

Respectfully submitted,

By: \_/s/ J. Cathryne Watson_____
J. Cathryne Watson (DC Bar No. 1032640)
Alan Lescht & Associates, P.C.
1825 K St., NW, Suite 750
Washington, D.C. 20006
Tel: (202) 463-6067
cathryne.watson@leschtlaw.com
*Attorney for Plaintiff*